# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

DERRICK ALAN WILSON, JR.,

                Plaintiff,

v.

MILWAUKEE COUNTY,

                Defendant.

Case No. 18-CV-241-JPS

**ORDER**

    Plaintiff, Derrick Alan Wilson, Jr. ("Wilson"), proceeding *pro se*, filed a complaint alleging that Defendant, Milwaukee County, violated his rights. (Docket #1). Before the Court is Wilson's motion to proceed *in forma pauperis*. (Docket #2). In order to allow a plaintiff to proceed without paying the filing fee, the Court must first decide whether the plaintiff has the ability to pay the filing fee and, if not, whether the lawsuit is frivolous or fails to state a viable claim. 28 U.S.C. §§ 1915(a), (e)(2)(B). The Court will address each of these questions below.

**1.    Plaintiff's Indigence**

    On the first issue, regarding his inability to pay the filing fee, Wilson avers that he is unemployed, unmarried, and has no dependents. (Docket #2 at 1). He earns no regular income but has received $900 in the last twelve months from "Staff Works," a local temporary staffing agency. *Id.* at 2. Wilson reports that he is homeless, (Docket #1 at 1), and explains that he has no expenses or assets of any kind, (Docket #2 at 2–4). On these averments, particularly in light of the fact that Wilson is homeless, the Court finds that he has demonstrated that he cannot pay the $350 filing fee and $50 administrative fee.

## 2. Screening the Complaint

Notwithstanding any filing fee, the Court must dismiss a complaint or portion thereof if it has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Hutchinson ex rel. Baker v. Spink*, 126 F.3d 895, 900 (7th Cir. 1997). The Court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327. "Malicious," although sometimes treated as a synonym for "frivolous," "is more usefully construed as intended to harass." *Lindell v. McCallum*, 352 F.3d 1107, 1109–10 (7th Cir. 2003) (citations omitted).

To state a cognizable claim under the federal notice pleading system, a plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2). It is not necessary for the plaintiff to plead specific facts and his statement need only "give the defendant fair notice of what the…claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). However, a complaint that offers "labels and conclusions" or "formulaic recitation of the elements of a cause of action will not do." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555). To state a claim, a complaint must contain sufficient factual matter, accepted as true, "that is plausible on its face." *Id.* (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable

inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). The complaint allegations "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555 (citation omitted).

Wilson's complaint concerns a wide variety of alleged unlawful acts. Unfortunately, his allegations are too scattered, incoherent, and bereft of detail to proceed at present. Put simply, Wilson has not told the Court and the defendants the "who, what, when, and where" of his claims. The essential function of a complaint is to provide notice, *see* Fed. R. Civ. P. 8(a), and defendants should not be forced to incur the cost of defending themselves in a federal lawsuit absent some indication that the plaintiff has a cognizable claim and enough information so they know what his claim is about. The Court will permit Wilson an opportunity to amend his complaint to rectify this and other problems, but first it will explain why each of his claims fall short.

### 2.1 Harassment by Glendale Police Department

First, Wilson says that he has been physically assaulted and harassed by members of the Glendale Police Department during a three-year span between 2014 and 2017. (Docket #1 at 2). He explains that on one or more occasions, his sister would call Glendale police officers to remove him from their grandfather's house. *Id.* Additionally, "one day, [the officers] racially profiled and illegally stopped, assaulted, and arrested me." *Id.* Wilson contends that the harassment was so severe that officers would show up while he was shopping at a local store and arrest him without cause. *Id.*

As to the alleged harassment, unlawful arrest, and use of excessive force by the Glendale police, Wilson may be able to proceed under 42 U.S.C. § 1983 for violations of his rights under the Fourth and Fourteenth

Amendments. *See Buchanan-Moore v. Cnty. of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009); *Gomez v. Toledo*, 446 U.S. 635, 640 (1980). However, he must offer further detail as to the dates and circumstances of each incident he wishes to challenge as unlawful. Vague suggestions regarding what appear to be unrelated incidents that occur over a three-year timespan are not enough to meet even the low pleading standards required by Rule 8. *See Higgs v. Carver*, 286 F.3d 437, 439 (7th Cir. 2011) (a complaint must specify "the bare minimum facts necessary to put the defendant on notice of the claim so that he can file an answer").

Moreover, Wilson must name the individual officers involved as defendants. If he does not know their real names, he should identify them as John or Jane Does and they can be identified by their true names during discovery. Further, Wilson cannot simply sue Milwaukee County for the allegedly unlawful acts he has described even though the conduct appears to have occurred in Milwaukee County. Local government entities, such as municipalities and counties, cannot be held vicariously liable for constitutional violations committed by their employees. *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 690 (1978). Instead, such entities are liable only if their policies or widespread practices lead to the plaintiff's injury. *Thomas v. Cook Cnty. Sheriff's Dep't*, 604 F.3d 293, 303 (7th Cir. 2010). If Wilson believes that such a policy or practice exists in this case, he should name the relevant municipality, not Milwaukee County, and allege sufficient facts to raise a plausible inference that a such a policy or practice existed.

### 2.2 Incidents in the Milwaukee House of Corrections

Next, Wilson levies complaints against correctional officers at the Milwaukee County House of Corrections, though he does not explain when

or why he was housed there. *Id.* at 2–3. First, Wilson claims he was assaulted without reason by a correctional officer whose last name is Janik. *Id.* at 3. Second, he states that he was sexually harassed by a different male correctional officer, who was "frisky around [his] 'ass crack' and attempted to grab [his] penis." *Id.*

These allegations may be able to proceed under Section 1983 on a theory that the officers' actions violated Wilson's Fourteenth or Eighth Amendment rights. *See Fillmore v. Page*, 358 F.3d 496, 503–05 (7th Cir. 2004); *Acevedo v. Canterbury*, 457 F.3d 721, 724 (7th Cir. 2006). However, Wilson must provide more information as to when these incidents occurred and identify the officer in the second incident as a Doe defendant. He should also identify the reason for his incarceration if he can.

There is another problem with Wilson's complaint, and it arises because he attempts to join together in one suit several seemingly unrelated claims. Federal Rule of Civil Procedure 18 permits a plaintiff to bring in one lawsuit every claim he has against a single defendant. Fed. R. Civ. P. 18(a). However, to join multiple defendants in a single action, Rule 20 requires that the plaintiff assert at least one claim against all of them "arising out of the same transaction, occurrence, or series of transactions or occurrences" and that "any question of law or fact common to all defendants will arise in the action." *Id.* 20(a)(2). Working together, these two rules mean that "[u]nrelated claims against different defendants belong in different suits." *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007). Thus, "multiple claims against a single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2." *Id.*

In Wilson's case, there are no allegations tying his claims against the Glendale police to his claims against the House of Corrections officials.

They appear to be unrelated in time, scope, legal theory, and operative facts. As a result, Wilson must include in his amended complaint some allegations showing that the claims against these two groups of people arise from the same occurrence or series of occurrences, otherwise the Court will be forced to sever them into separate actions.[1]

### 2.3 Mistreatment at Milwaukee Area Hospitals

Third, Wilson states that from 2015 to the present, he has been neglected while seeking treatment in Milwaukee area hospitals. *Id.* These include St. Joseph's, Columbia St. Mary's, Aurora Sinai Samaritan, and Froedtert hospitals. *Id.* He cannot recall the exact dates or circumstances of any instance of mistreatment. *Id.*

Wilson may not include any of these allegations in his amended complaint, as such claims should not be brought in federal court. First, these private hospitals are not amenable to suit under Section 1983, since they are not state actors, nor did they act in concert with state actors to violate Wilson's rights. *Norman v. Campbell*, 87 F. App'x 582, 584 (7th Cir. 2003). Second, Wilson's allegations reveal that, at worst, he was subjected to medical malpractice, which is a matter of state, not federal, law. *See Steele v. Choi*, 82 F.3d 175, 178 (7th Cir. 1996). Third, there is no diversity jurisdiction over such claims, as Wilson and these defendants are all citizens of Wisconsin. *Norman*, 87 F. App'x at 585. Moreover, because these allegations do not appear related in time or scope to his other claims, there is no reason to hear them under the Court's supplemental jurisdiction. *See* 28 U.S.C. § 1367(a). They must be dismissed.

---

[1] This same joinder problem arises with respect to Wilson's other claims, too, although those claims are subject to dismissal for different reasons, as will be explained further below.

### 2.4 Assault at Family Dollar

Fourth, Wilson complains that in late September 2017, he was assaulted by employees of the Family Dollar store at 60th Street and Silver Spring Drive while leaving that store. *Id.* He alleges that ordinary citizens were also involved in the assault. *Id.* He later tried to file a police report about the incident. *Id.*

These allegations, like those against the local hospitals, cannot proceed further and may not be included in Wilson's amended complaint. Private citizens and employees of the Family Dollar are, like the hospitals, not state actors and therefore are not subject to suit under Section 1983. *See Proffitt v. Ridgway*, 279 F.3d 503, 507 (7th Cir. 2002). If they indeed assaulted Wilson, his only resort would be a suit under state law for battery. That claim is not sufficiently related to his potential federal claims, however, *see* 28 U.S.C. § 1367(a), and so it should be brought only in a separate state court lawsuit.

### 2.5 Monitoring

Finally, Wilson alleges that he has been subject to monitoring and filming by "the whole County of Milwaukee." *Id.* at 4. He claims that Milwaukee residents have been "recording/filming [him] on their cell phones" since at least 2014. *Id.* He worries that everyone in the county is "literally watching [him]" and that they have "turn[ed] on [him]." *Id.*

Wilson may not proceed on these claims, nor should he try to include them in an amended complaint. A claim may be dismissed "because the facts alleged are so. . .unbelievable, even though there has been no evidentiary hearing to determine their truth or falsity." *Gladney v. Pendleton Corr. Facility*, 302 F.3d 773, 774 (7th Cir. 2002). "[N]o evidentiary hearing is required in a prisoner's case (or anyone else's, for that matter) when the

factual allegations are incredible." *Id.* Wilson's allegations in this claim are clearly of the incredible variety—it is simply impossible to believe that all Milwaukee County residents are engaged in an ongoing, years-long spying campaign against him. *See Denton*, 504 U.S. at 32–33. As the claim appears to the product of only paranoid delusion, it must be dismissed as frivolous. *Gladney*, 302 F.3d at 775.

### 2.6. Amending the Complaint

If Wilson wishes to proceed, he must file an amended complaint curing the deficiencies in the original complaint as described herein. The Court reminds him that he should omit from his amended complaint any reference to his claims relating to Milwaukee area hospitals, the Family Dollar assault incident, and the monitoring issue. Wilson's amended complaint must be filed on or before **March 30, 2018**. Failure to file an amended complaint within this time period will result in dismissal of this action.

The amended complaint must bear the docket number assigned to this case and must be labeled "Amended Complaint." The amended complaint supersedes the prior complaint and must be complete in itself without reference to the original complaint. *See Duda v. Bd. of Educ. of Franklin Park Pub. Sch. Dist. No. 84*, 133 F.3d 1054, 1056–57 (7th Cir. 1998). In *Duda*, the appellate court emphasized that in such instances, the "prior pleading is in effect withdrawn as to all matters not restated in the amended pleading[.]" *Id.* at 1057 (citation omitted). If an amended complaint is received, the Court will screen it pursuant to 28 U.S.C. § 1915.

Accordingly,

**IT IS ORDERED** that Plaintiff's motion for leave to proceed *in forma pauperis* (Docket #2) be and the same is hereby **GRANTED**;

**IT IS FURTHER ORDERED** that on or before **March 30, 2018**, Plaintiff shall file an amended pleading curing the defects in the original complaint as described herein; and

**IT IS FURTHER ORDERED** that Plaintiff shall submit all correspondence and legal material to:

> Office of the Clerk
> United States District Court
> Eastern District of Wisconsin
> 362 United States Courthouse
> 517 E. Wisconsin Avenue
> Milwaukee, Wisconsin 53202

PLEASE DO NOT MAIL ANYTHING DIRECTLY TO THE COURT'S CHAMBERS. It will only delay the processing of the matter.

Plaintiff is further advised that failure to make a timely submission may result in the dismissal of this action for failure to prosecute. In addition, the parties must notify the Clerk of Court of any change of address. Failure to do so could result in orders or other information not being timely delivered, thus affecting the legal rights of the parties.

Dated at Milwaukee, Wisconsin, this 28th day of February, 2018.

BY THE COURT:

_____
J. P. Stadtmueller
U.S. District Judge