# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| DERRICK ALAN WILSON, JR., <br><br> Plaintiff, <br><br> v. <br><br> MILWAUKEE COUNTY, <br><br> Defendant. | Case No. 18-CV-241-JPS <br><br><br> **ORDER** |

Plaintiff, Derrick Alan Wilson, Jr. ("Wilson"), proceeding *pro se*, filed a complaint pursuant to 42 U.S.C. § 1983 alleging that his civil rights were violated. (Docket #1). The Court screened Wilson's original complaint on February 28, 2018. (Docket #4). The Court identified numerous deficiencies in the complaint and ordered Wilson to submit an amended complaint. *Id.*; (Docket #6). Wilson submitted two amended complaints in rapid succession, (Docket #8, #9), leaving the Court to screen the later-filed of the two, (Docket #11 at 1).

In screening the second amended complaint, the Court explained several lingering deficiencies in Wilson's pleading. *Id.* at 5–7. The most obvious error was that Wilson joined two sets of totally unrelated claims against totally unrelated defendants. *Id.* at 6. The first set of claims was asserted against officers of the Glendale Police Department ("GPD"), while the second was asserted against correctional officers at the Milwaukee House of Correction. *Id.* The Court explained that Wilson should submit a third amended complaint and include either his set of claims against the GPD or his set of claims against the House of Correction officers, but not both. *Id.* at 7.

Wilson has filed a letter complaining that he wishes to pursue both sets of claims but is not sure how to do so. (Docket #12). Although the Court cannot act as his counsel, the Court advises Wilson that in order to pursue both sets of claims, he should include one set of claims in this action and file a new lawsuit asserting the other set of claims. For example, he could include his allegations against the GPD in his third amended complaint in this action, then file a new action in this Court asserting his claims against the House of Correction officers. In the new action, he should remember to file a new motion for leave to proceed *in forma pauperis* along with his complaint.

In its recent screening order, the Court gave Wilson until May 15, 2018 to file a third amended complaint. Because of Wilson's confusion regarding the Court's directives, the Court will afford him one additional week, or until **May 21, 2018**, to file a third amended complaint in this action. If he does not, this case will be dismissed without further notice.

The third amended complaint must bear the docket number assigned to this case and must be labeled "Third Amended Complaint." The third amended complaint supersedes the prior complaints and must be complete in itself without reference to the prior complaints. *See Duda v. Bd. of Educ. of Franklin Park Pub. Sch. Dist. No. 84*, 133 F.3d 1054, 1056–57 (7th Cir. 1998). In *Duda*, the appellate court emphasized that in such instances, the "prior pleading[s] [are] in effect withdrawn as to all matters not restated in the amended pleading[.]" *Id.* at 1057 (citation omitted). If a third amended complaint is received, the Court will screen it pursuant to 28 U.S.C. § 1915.

Accordingly,

**IT IS ORDERED** that on or before **May 21, 2018**, Plaintiff shall file a third amended complaint curing the defects in the second amended complaint as described herein and in the Court's May 1, 2018 screening order (Docket #11). Failure to timely file a third amended complaint will result in dismissal of this action for failure to prosecute. Civ. L. R. 41(c).

Dated at Milwaukee, Wisconsin, this 10th day of May, 2018.

BY THE COURT:

_____
J. P. Stadtmueller
U.S. District Judge